No. 22-12117-AA

_____

IN THE UNITED STATE COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

SARAH RITCHIE,

Appellant,

v.

UNITED STATES OF AMERICA,

Appellee.

_____

On Appeal from the United States District Court
for the Middle District of Florida

Criminal Case No. 6:19-cr-00092-RBD-LHP
Civil Case No. 6:20-cv-01830-RBD-LHP

_____

BRIEF OF APPELLANT

_____

LAW OFFICE OF ANN FITZ

ANN MARIE FITZ
Ga. Bar No. 066516
Fl. Bar No. 1007949
500 S. Australian Ave.
Ste. 542
West Palm Beach, FL 33401
(561) 932-1690 Office
ann@fedlawgroup.com

Counsel for Appellant

i

**Ritchie v. United States**
**No. 22-12117-AA**

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Appellant hereby discloses the following persons and entities pursuant to 11th

Cir. R. 26.1-1:

<u>Interested Persons</u>

1.  Chmelir, Andrew, Trial Counsel for Defendant

2.  Dalton, Roy B., Jr., United States District Court Judge

3.  Fitz, Ann Marie, Habeas Counsel for Movant

4.  Gable, Karen, Assistant United States Attorney (retired)

5.  Hoffman-Price, Leslie, United States Magistrate Judge

6.  Livanos, Terry Basil, Assistant United States Attorney

7. Ritchie, Sarah, Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument in this case pursuant to Federal Rule of Appellate Procedure 34(a) and 11th Cir. R. 34-3.  The issue presented herein is not an issue of first impression in this Court but the dispositive matters have not been authoritatively decided.  Although the facts and legal arguments are adequately presented in the briefs and record, the decisional process would be significantly aided by oral argument.

## **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS…………………………………i

STATEMENT REGARDING ORAL ARGUMENT……………………………....ii

TABLE OF CITATIONS….…………………………..……………...…………....v

STATEMENT OF JURISDICTION...……………………………………...……..1

STATEMENT OF THE ISSUES…………………………………….……..……1

STATEMENT OF THE CASE……………………………………………..…2

      A.  *Course of the proceedings*……………………………….……2

      B.  *Statement of facts*………………………………..………………5

           1. *Factual basis supporting Ritchie's guilty plea*……………….....5

           2. *Ritchie's sworn declaration supporting her § 2255 motion*……….7

      C.  *Standard and scope of review*………………………………..10

SUMMARY OF THE ARGUMENT…………………………………….....10

ARGUMENT AND CITATION OF AUTHORITY………………..………..……11

I.      **Ritchie's Attorney Rendered Ineffective Assistance by Failing to Inform her that her Conduct Arguably Fell Outside the Scope of the Statute of Conviction, 18 U.S.C. § 2251(a), Before Ritchie Entered into a Plea Agreement**…………..11

      A.  *The "use" element of § 2251(a) requires that the images at issue depict a minor either actively or passively engaged in sexually explicit conduct*...................................................................................15

      B.  *Ritchie's conduct arguably falls outside the scope of § 2251(a)*.….…17

*C. Then-existing law clearly established that § 2251(a) prohibits the production of "child pornography" and sufficiently foreshadowed the holding in Howard*…………..……………....……..20

*D. Counsel's performance was constitutionally deficient*……………..…24

*E. Ritchie was prejudiced by counsel's deficient performance*…………..…26

**II.    The District Court Abused its Discretion in Denying Ritchie's Request for an Evidentiary Hearing on her Ineffective Assistance of Counsel Claim**……………………....…..28

CONCLUSION....……………………………………………………..……30

CERTIFICATE OF COMPLIANCE…………………………………………...31

CERTIFICATE OF SERVICE…………………………………………….....32

# TABLE OF CITATIONS

<u>CASES</u>                                                                                          <u>PAGE</u>

*Agan v. Dugger*, 835 F.2d 1337 (11th Cir. 1987)……………………………………...28

*Argersinger v. Hamlin*, 407 U.S. 25 (1972)…………………………………………..11

*Aron v. United States*, 291 F.3d 708 (11th Cir. 2002)………………………………28

*Beckham v. Wainwright*, 639 F.2d 262 (5th Cir. 1981)…………………………13-14

*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1991)…………………...12 n. 4

*Brady v. United States*, 397 U.S. 742 (1970)…………………………………………14

*Correale v. United States*, 479 F.2d 944 (1st Cir.1973)……………………………13

*Cunningham v. Zant*, 928 F.2d 1006 (11th Cir.1991)………………………………25

*Cuyler v. Sullivan*, 446 U.S. 335 (1980)…………………………...………..11, 13

*Devine v. United States*, 520 F.3d 1286 (11th Cir. 2008)…………………...……10

*Finch v. Vaughn*, 67 F.3d 909 (11th Cir. 1995)………………………..…………14

*Franklin v. Hightower*, 215 F.3d 1196 (11th Cir. 2000)………………...……26-27

*Hagins v. United States*, 267 F.3d 1202 (11th Cir. 2001)……………………..…10

*Henderson v. Morgan*, 426 U.S. 637 (1976)…………………………………..……27

*Higgason v. Clark*, 984 F.2d 203 (7th Cir. 1993)…………………………….……27

*Hill v. Lockhart*, 474 U.S. 52 (1985)……………………………………………..…..12

*Hinton v. Alabama*, 571 U.S. 263 (2014)…………………………….…………....25

*Kemp v. Leggett*, 635 F.2d 453 (5th Cir. 1981)…………………………….....11-12

*Lovett v. Florida*, 627 F.2d 706 (5th Cir. 1980)…………………………….……12

*Machibroda v. United States*, 368 U.S. 487 (1962)………………………….…29

*Massaro v. United States*, 538 U.S. 500 (2003)………………………………....29

*McCarthy v. United States*, 394 U.S. 466 (1969)……………………………..26

*McCoy v. Newsome*, 953 F.2d 1252 (11th Cir. 1992)…………………………14

*Murray v. United States*, 145 F.3d 1249 (11th Cir. 1998)………………….…10

*Ortiz-Graulau v. United States*, 756 F.3d 12 (1st Cir. 2014)……..…......………15, 16

*Rompilla v. Beard*, 545 U.S. 374 (2005)……………...…………………….....13

*Scott v. Wainwright*, 698 F.2d 427 (11th Cir.1983)………………………...27

*Shaw v. Wilson*, 721 F.3d 908 (7th Cir. 2013)……………………………………21

*Snider v. United States*, 908 F.3d 183 (6th Cir. 2018)…………………………21-22

*Stano v. Dugger*, 921 F.2d 1125 (11th Cir. 1991)……………………………..……24

*Strickland v. Washington*, 466 U.S. 668 (1984)………………………...…*passim*

*United States v. Brown*, 117 F.3d 471 (11th Cir. 1997)……………………….……26

*\*United States v. Carroll*, 227 F.3d 486 (5th Cir. 2000)………………………..22-23

*United States v. Carthorne*, 878 F.3d 458 (4th Cir. 2017)………………...…...…21

*United States v. Daranda*, No. 09-30054 (5th Cir. 2009)………………...…..18-19

*United States v. Dyess*, 730 F.3d 354 (4th Cir. 2013)………………………….…21

*United States v. Engle*, 676 F.3d 405 (4th Cir. 2012)………………………….……16

*United States v. Fadl*, 498 F.3d 862 (8th Cir. 2007)……………………………..16

*United States v. Finley*, 726 F.3d 483 (3rd Cir. 2013)………………...……….…16

*United States v. Grimes*, 244 F.3d 375 (5th Cir. 2001)…………………………...…23

*\*United States v. Howard*, 968 F.3d 717 (7th Cir. 2020)………………...…17, 20, 23

*United States v. Johnson*, 612 F.2d 305 (1980)………………………...……..27

*United States v. Kinard*, 472 F.3d 1294 (11th Cir. 2006)……………...…...…..18

*United States v. Laursen*, 847 F.3d 1026 (9th Cir. 2017)…………………….…..16

*United States v. Lee*, 603 F.3d 904 (11th Cir. 2010)……………………..…………22

*United States v. Lee*, 29 F.4th 665 (11th Cir. 2022)…………….…..…………….….…15

*United States v. Lohse*, 797 F.3d 515 (8th Cir. 2015)……………….………...….16

*United States v. Mabel*, No. 19-15060 (11th Cir. March 21, 2022)……...…..19, 20

*United States v. Mason*, 774 F.3d 824 (4th Cir. 2014)……………………..…..21

*United States v. Morris*, 917 F.3d 818 (4th Cir. 2019)……………...…………...…4

*United States v. Poulo*, 491 F. Supp. 3d 1244 (M.D. Fla. 2020)………...…17 n. 6

*United States v. Ruggiero*, 791 F.3d 1281 (11th Cir. 2015)……………….…15, 22

*United States v. Sirois*, 87 F.3d 34 (2nd Cir. 1996)……………………..……15-16

*United States v. Steen*, 634 F.3d 822 (5th Cir. 2011)…………………………..…23

*United States v. Thomas*, 2016 WL 4060192 (D. Kan. July 29, 2016)……………..4

*United States v. Wright*, 774 F.3d 1085 (6th Cir. 2014)……………………….…16

*Winston v. Pearson*, 683 F.3d 489 (2014)………………………………...…..13

*Winthrop-Redin v. United States*, 767 F.3d 1210 (11th Cir. 2014)……………..10, 28

STATUTES                                                                        PAGE

Federal

18 U.S.C. § 2251(a)………………….…………………….……*passim*

18 U.S.C. § 2252……………………………………………….…….15

18 U.S.C. § 2252A………………………………………...…….1, 15

18 U.S.C. § 2256……………………………..……………..………..18

28 U.S.C. § 2253……………………………...………………..…..1

28 U.S.C. § 2255………………………………….……………*passim*

State

Fla. Stat. § 800.04……………………………...……18 n. 7

Fla. Stat. § 827.071…………………………….……………..18

Fla. Stat. § 847.01……………………………...…18 n.7


FEDERAL RULES

FRAP 22………………………………………………...…….1


MISCELLANEOUS

*American Bar Association Standards for Criminal Justice*, Standard 14-3.2(b)…..14

**Ritchie v. United States**
**No. 22-12117-AA**

## STATEMENT OF JURISDICTION

This is an appeal from the district court's denial of Ritchie's amended motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. [CV Doc. 2].[1]  This Court has jurisdiction pursuant to Federal Rule of Appellate Procedure 22(a) and 28 U.S.C. § 2253.

## STATEMENT OF THE ISSUES

1.  Whether Ritchie's attorney rendered ineffective assistance by failing to inform her that her conduct arguably fell outside the scope of the statute of conviction, 18 U.S.C. § 2251(a), before she entered into a plea agreement?

2.  Whether the district court abused its discretion in denying Ritchie's request for an evidentiary hearing on her ineffective assistance of counsel claim?

## STATEMENT OF THE CASE

### A. Course of the Proceedings.

On April 17, 2019, an indictment was filed against Ritchie, charging her with two counts: Count One charged that between June 18 and June 19, 2018, Ritchie received images of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and

---

[1]  Because Ritchie's instant claim arises under 28 U.S.C. § 2255, she has a civil docket number in the district court, 6:20-cv-1830-RBD-LHP, and relevant documents in this application were also docketed in her original criminal case, 6:19-cr-92-RBD-LHP. Citations to documents in each of those dockets will be designated [CV Doc. ___] or [CR Doc. ___], as appropriate.  The citation [App. Doc. ___] refers to documents on the docket in this appeal.

(b)(1); and, Count Two charged that on November 2, 2018, she aided and abetted in using a minor to engage in, and assist any other person to engage in, sexually explicit conduct for the purpose of producing a visual depiction in violation of 18 U.S.C. § 2251(a) and (e). [CR Doc. 17].

On July 3, 2019, while represented by counsel, Ritchie entered a negotiated plea of guilty to the § 2251(a) production of child pornography count (Count Two) before Magistrate Leslie Hoffman-Price. [CR Doc. 37].  The written plea agreement included an incorporated factual basis and a limited waiver of appeal which prohibited Ritchie from filing a direct appeal of her sentence on any ground.  The waiver did not include a prohibition against Ritchie collaterally attacking her conviction and/or sentence in a proceeding raised under to 28 U.S.C. § 2255. Ritchie's plea was accepted by the district court on July 11, 2019. [CR Doc. 47].

Sentencing was held on October 21, 2019 before the Honorable Roy Dalton. As to the § 2251(a) violation, the court imposed the mandatory minimum sentence of 180 months imprisonment, to be followed by a 10-year term of supervised release, and an assessment of $100. [CR Doc. 63].  The receipt of child pornography count (Count One) was dismissed pursuant to the terms of the plea agreement.  Judgment was entered on October 25, 2019.  No notice of appeal was filed.

On October 7, 2020, Ritchie timely filed her motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. [CV Doc. 2].[2]  In her motion, Ritchie alleged two claims of ineffective assistant of counsel, the first of which is relevant to this appeal: Ritchie alleged that her plea was the product of ineffective assistance of counsel because counsel failed to advise her that the facts are legally insufficient to support a conviction under 18 U.S.C. § 2251(a), amounting to an involuntary plea and a miscarriage of justice. [CV Doc. 2 at 16-30].

On January 22, 2021, the Magistrate Judge ordered the government to respond to the allegations made in Ritchie's motion. [CV Doc. 3].  The government filed its response on April 22, 2021 [CV Doc. 4], and Ritchie filed her reply to the government's response with leave of court on May 4, 2021 [CV Doc. 7].

The Magistrate did not enter a Report and Recommendation ("R&R") in this case.  The district court denied Ritchie's § 2255 petition on April 26, 2022 and, at the conclusion of its order, declined to issue a COA. [CV Doc. 9 at 16].  The district court's denial of Ritchie's ineffective assistance of counsel claim was predicated on two findings.   First, the district court determined that Ritchie "used" MV1 in violation of § 2251(a):

---

[2] Ritchie's original § 2255 motion was filed on October 5, 2020 [CV Doc. 1] but contained a clerical error which was corrected and refiled as the amended motion on October 7, 2020.  The original § 2255 motion was denied as moot in light of the amended motion on January 22, 2021. [CV Doc. 3].

The Court agrees with the analysis of Judge Byron [in *United States v. Poulo*, 491 F. Supp. 3d 1244 (M.D. Fla. 2020)] and the decisions in [*United States v. Finley*, 726 F.3d 483 (3rd Cir. 2013)] and [*United States v. Lohse*, 797 F.3d 515 (8th Cir. 2015)] and finds that by taking sexually explicit videos of herself and Justin Ritchie while the minor was lying on [her] chest [breastfeeding], [Ritchie] used the minor to engage in sexually explicit conduct for the purposes of producing a visual depiction of such conduct in violation of § 2251(a).

[*Id*. at 12]. Second, the district court concluded that counsel was not ineffective for failing to inform Ritchie that the facts she was pleading to did not amount to a violation of § 2251(a) because, under then-existing precedent, Ritchie's defense of innocence was "novel":

[T]here does not appear to be any Supreme Court or Eleventh Circuit caselaw dealing with the applicability of § 2251(a) to the factual scenario presented in this case. Then existing-precedent, within the Eleventh Circuit, did not suggest that the facts of Petitioner's case were legally insufficient to support a conviction under § 2251(a). "A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent . . . . Nor does counsel fall below *Strickland's* standard of reasonableness by failing to anticipate changes in the law, or to argue for an extension of precedent." *United States v. Morris*, 917 F.3d 818, 823 (4th Cir. 2019). Failing to advise Petitioner with regard to a novel and unsettled point did not amount to deficient performance by Petitioner's counsel. "To hold otherwise would require a level of creative thinking on the part of defense lawyers that, while perhaps something to which counsel should strive, goes beyond the standard contemplated by *Strickland*." *United States v. Thomas*, No. 09-CR-20040-JAR, 2016 WL 4060192, at *7 (D. Kan. July 29, 2016).

[*Id*. at 12-13].

Judgment was entered by the clerk on April 27, 2022. [CV Doc. 10].  Ritchie filed her notice of appeal on June 23, 2022 [CV Doc. 11], followed by a motion for the issuance of a COA in this Court on June 30, 2022.  A single circuit judge, Judge Grant, summarily denied the motion on September 13, 2022, finding that "Ritchie has failed to make a substantial showing of the denial of a constitutional right." Ritchie filed a motion for reconsideration on September 30, 2022, which was granted on December 5, 2022. [App. Doc. 9].  This appeal follows.

### B. Statement of Facts.

#### 1. Factual basis supporting Ritchie's guilty plea

The Factual Basis [CR Doc. 37 at 23, 25-27] supporting Ritchie's plea to the § 2251(a) violation states, in relevant part, as follows:

On or about November 2, 2018, in Seminole County, Florida, defendant SARAH RITCHIE and her husband, Justin Ritchie, used one-year-old MV1 to engage in sexually explicit activity for the purpose of producing videos of the conduct using Justin Ritchie's iPhone.  At the time, RITCHIE knew that Justin Ritchie was sexually interested in children and that he had been downloading and viewing child pornography. . . .

Investigators located several text communications between Sarah RITCHIE and Justin Ritchie in which he admitted that he was sexually aroused by images of MV1 breastfeeding and asked her to send him such images.  Investigators also

located three videos on Ritchie's iPhone7 (manufactured in China) depicting Justin Ritchie and Sarah RITCHIE engaging in sexual activity and MV1 lying on Sarah RITCHIE with MV1's mouth on or near RITCHIE's breast. Justin Ritchie recorded the videos on November 2, 2018 and November 3, 2018 in Seminole County, Florida using the iPhone.[3] Justin Ritchie periodically focused the camera on MV1 while he and Sarah RITCHIE engaged in sexually explicit activity. Specifically, 1421.mov is a recording dated November 2, 2018, that is approximately 1 minute and 39 seconds long. The beginning of the video shows Sarah RITCHIE masturbating with MV1 lying across her chest apparently breastfeeding. At approximately 30 seconds into the video, Justin Ritchie began to perform oral sex on Sarah RITCHIE. At approximately one minute, Justin Ritchie asked Sarah RITCHIE, "Are you ready for me to make you cum?" Sarah replied, "Yes." Justin Ritchie focused the camera on MV1 periodically during the video.

On February 12, 2019, Justin Ritchie sent a text to Sarah RITCHIE stating, "Found a very naughty video of you." Sarah RITCHIE responded, "oh yeah?" Justin Ritchie replied, "NAUGHTY naughty." He attached a picture of Sarah RITCHIE lying on her bed masturbating with MV1 lying across her stomach with MV1's face towards RITCHIE's breast. Sarah RITCHIE commented, "that is

---

[3] The three separate videos recorded by Justin Ritchie between November 2, 2018 and November 3, 2018 appear to depict one continuous act. [Sent. Tr. at 5-9].

naughty." Justin Ritchie stated, "I forgot about it, got me rockhard almost instantly." Sarah RITCHIE responded, "Oh yeah?" Justin Ritchie then sent her a picture of his erect penis.

### 2. Ritchie's sworn declaration supporting her § 2255 motion

In her sworn declaration attached to her § 2255 motion [CV Doc. 2 at 38-43], Ritchie made the following pertinent statements:

- I was housed in the Orange County jail for approximately 2 months before I was transferred to the Seminole County jail on or about May 12, 2019. [Attorney] Chmelir visited me 3 times while I was in Orange County and 3 or 4 times while I was in Seminole County. [¶ 4].

- During our first visit in Orange County, it seemed to me that Mr. Chmelir was overwhelmed by my case but he appeared to know about the federal court system. He told me that he was going to speak with other attorneys who were more familiar about this kind of case to get more information about how to handle it. He also told me that he was good friends with the prosecutor and that he was going to "play friendly." [¶ 5].

- After Mr. Chmelir viewed the discovery, he visited me at the jail and told me there was a lot of evidence against me and the evidence clearly showed I was guilty as charged in the Indictment. He did not go over the law with me and

he did not explain to me how the evidence fit the law.  He never told me that I was charged with producing child pornography. [¶ 6].

- I never saw any of the discovery, but Mr. Chmelir described the video to me as depicting my husband performing oral sex on me.  He told me the bad part of the video was that my husband moved the camera to show my one-year old daughter nursing.  He told me that he found it strange and didn't understand the charge because my daughter was fully clothed in a t-shirt and diaper in the video, but the prosecutor told him that my daughter was used as a "prop" and that's why the video violated the law. [¶ 7].

- Mr. Chmelir did not tell me that he had done any legal research in my case and he did not tell me that I had a valid defense to Count Two.  He told me I was guilty and that I needed to plead guilty, otherwise I would be convicted at trial and probably sentenced to the maximum of 30 years. [¶ 10].

- Mr. Chmelir did not tell me I had any other options other than to plead guilty. [¶ 11].

- Mr. Chmelir told me that if I accepted the government's plea offer to Count Two I would be sentenced below the mandatory minimum because I had gone to the police and given them the case against my husband, his mistress, and myself.  Mr. Chmelir told me that the prosecutor was on our side and didn't see me as a pedophile because I'm not one. [¶ 12].

- Mr. Chmelir did tell me that the sentence reduction under the 5K motion was within the discretion of the prosecutor, but he said that, based on his conversations with the prosecutor, he was confident that I would be sentenced far below 15 years if I took the plea offer. [¶ 12].

- Based on the advice of Mr. Chmelir I signed the plea agreement and pled guilty to Count Two. [¶ 15].

- At the time I entered my guilty plea in court, I understood that I was pleading guilty to making a sexual video with my husband while my daughter was nursing, but I did not know or understand that "sexual exploitation of a minor" was the same thing as "production of child pornography." [¶ 16].

- The first time I learned that I was charged with the production of child pornography was after sentencing.  Prior to this time, I did not know that I was accused of producing child pornography involving my daughter. [¶ 17].

- I would not have pled guilty to Count Two had Andrew Chmelir told me that I was charged with producing child pornography. [¶ 19].

- I would not have pled guilty to Count Two and would have insisted on going to trial on that count if Andrew Chmelir had told me that I had a valid defense to that charge. [¶ 20].

### C. Standard and Scope of Review.

In reviewing a district court's denial of a motion under 28 U.S.C. § 2255, this Court evaluates legal conclusions *de novo* and factual determinations for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008). Whether counsel rendered ineffective assistance is reviewed *de novo*, as it is a mixed question of law and fact. *Hagins v. United States*, 267 F.3d 1202, 1204 (11th Cir. 2001).

A district court's denial of an evidentiary hearing on a § 2255 motion is reviewed for abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). A district court abuses its discretion if it applies an incorrect legal standard, unreasonably or incorrectly applies the law, follows improper procedures in making its determination, or makes clearly erroneous factual findings. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014).

The scope of review is limited to the issues specified in the certificate of appealability. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

### <u>SUMMARY OF THE ARGUMENT</u>

Sarah Ritchie is currently serving a 15-year imprisonment sentence because, on the advice of counsel, she pled guilty to a violation of 18 U.S.C. § 2251(a) for three videos that depict her masturbating and engaging in sexual activity with her husband while breastfeeding her fully clothed one-year-old child. Ritchie's conduct in the videos arguably falls outside the scope of the statute because the images do

not depict a minor either actively or passively engaged in sexually explicit conduct.

Before she entered her plea, counsel failed to advise her that the facts were arguably

insufficient to support a conviction under § 2251(a), failed to advise her that she had

a viable defense of innocence to the § 2251(a) charge, and failed to advise her that

she had a variety of legal options other than pleading guilty to the § 2251(a)

violation.  Consequently, Ritchie did not enter her plea with the benefit of effective

counsel and the plea does not represent an informed choice, resulting in a

miscarriage of justice.  Her conviction should be vacated.

Further, the district court's denial of this claim without holding an evidentiary

hearing constitutes an abuse of discretion because Ritchie sufficiently alleged facts

in her §2255 motion that, if true, would entitle her to relief.  This Court should

reverse the district court denial of her habeas petition and remand her § 2255 action

for further proceedings.

## <u>ARGUMENT AND CITATION OF AUTHORITY</u>

**I.  Ritchie's Attorney Rendered Ineffective Assistance by Failing to Inform her that her Conduct Arguably Fell Outside the Scope of the Statute of Conviction, 18 U.S.C. § 2251(a), Before Ritchie Entered into a Plea Agreement.**

The Sixth Amendment right to counsel is a fundamental right, *Argersinger v.*

*Hamlin*, 407 U.S. 25, 29-33 (1972), and the Supreme Court has held that ineffective

assistance of counsel does not satisfy this constitutional command. *Cuyler v.*

*Sullivan*, 446 U.S. 335, 344 (1980).  Errorless counsel is not required, *Kemp v.*

*Leggett*, 635 F.2d 453, 454 (5th Cir. 1981),[4] and counsel may not be judged ineffective by hindsight. *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir. 1980). Claims of ineffective assistance of counsel require an inquiry into the actual performance of counsel and the determination of whether the representation was reasonably effective must be based on the totality of the circumstances. *Id*. (internal quotation marks and citation omitted).

A defendant asserting ineffective assistance of counsel must demonstrate that (1) counsel performed deficiently, and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When asserting an ineffective assistance of counsel claim in the context of a claim that a plea was involuntary or unknowing, the prejudice prong of *Strickland* is satisfied by a showing that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (holding that, in the plea context, a habeas petitioner establishes ineffective assistance of counsel by demonstrating that counsel's advice and performance fell below an objective standard of reasonableness, based upon which he pled guilty).

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1991) (en banc), this Court adopted as binding precedent all decisions that the former Fifth Circuit handed down before the close of business on September 30, 1981. *Id*. at 1209.

Defense counsel has a constitutional duty to "know or learn about the relevant law and evaluate its application to his or her client. . . . [p]articularly when a plea bargain is discussed, and hence sentencing becomes the client's preeminent concern, it is incumbent on counsel to acquaint himself [] with all the available alternatives and their consequences for the defendant's liberty and rehabilitation." *Correale v. United States*, 479 F.2d 944, 949 (1st Cir.1973); *see also Cuyler*, 446 U.S. at 344 (1980) ("A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice").

Counsel's constitutional duty includes the duty to investigate and to research a client's case in a manner sufficient to support "informed legal choices." *Winston v. Pearson*, 683 F.3d 489, 504 (2014) (per curiam) (internal citation omitted). "It is the duty of the [defense] lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case." *Rompilla v. Beard*, 545 U.S. 374, 387 (2005) (internal quotation marks and citation omitted). "When a defendant pleads guilty on the advice of counsel, the attorney [also] has the duty to advise the defendant of the available options and possible consequences." *Beckham v. Wainwright*, 639 F.2d 262, 267 (5th

Cir. 1981) (citing *Brady v. United States*, 397 U.S. 742, 756 (1970)); *see also American Bar Association Standards for Criminal Justice*, Standard 14-3.2(b).[5]

"The failure of an attorney to inform his client of the relevant law clearly satisfies the first prong of the *Strickland* analysis . . . as such an omission cannot be said to fall within 'the wide range of professionally competent assistance' demanded by the Sixth Amendment." *Finch v. Vaughn*, 67 F.3d 909, 916 (11th Cir. 1995) (citation omitted).  Although the reasonableness of any particular investigation necessarily depends on the unique facts of any given case, counsel has certain baseline responsibilities that must be discharged in every criminal matter.  *See, e.g., Strickland*, 466 U.S. at 688–89; *see also, e.g., McCoy v. Newsome*, 953 F.2d 1252, 1262–63 (11th Cir. 1992) (per curiam) ("when a lawyer fails to conduct a substantial investigation into any of his client's plausible lines of defense, the lawyer has failed to render effective assistance of counsel") (internal quotation marks and citation omitted).

---

[5] **Standard 14- 3.2. Responsibilities of defense counsel**

(b) To aid the defendant in reaching a decision, defense counsel, after appropriate investigation, should advise the defendant of the alternatives available and address considerations deemed important by defense counsel or the defendant in reaching a decision. Defense counsel should not recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed.

**A. The "use" element of § 2251(a) requires that visual images at issue depict a minor either actively or passively engaged in sexually explicit conduct.**

18 U.S.C. § 2251(a) is the "production" section of a broad regulatory scheme that prohibits the production, receipt, distribution, and possession of child pornography, *see* 18 U.S.C. §§ 2251, 2252, 2252A, providing in pertinent part:

> [a]ny person who . . . uses . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e) . . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

In its most basic terms, "§ 2251(a) requires only that a defendant arrange for a minor to engage in sexually explicit conduct for the purpose of creating a visual depiction, and that there be some nexus to interstate or foreign commerce." *United States v. Ruggiero*, 791 F.3d 1281, 1284-85 (11th Cir. 2015). "In other words . . . § 2251(a) applies to a broad 'range of ways that a defendant might actively be involved in the production of sexually explicit depictions of minors.'" *United States v. Lee*, 29 F.4th 665, 671-72 (11th Cir. 2022) (quoting *Ortiz-Graulau v. United States,* 756 F.3d 12, 19 (1st Cir. 2014)).

Most, if not all, of our sister circuits agree that the "use" element of § 2251(a) is satisfied if a minor is photographed or videotaped actively engaging in sexually explicit conduct. *See, e.g., United States v. Sirois*, 87 F.3d 34, 42 (2nd Cir. 1996) (the "use" element of § 2251(a) is satisfied whenever "the minor serves as the subject

of the photography"); *United States v. Fadl*, 498 F.3d 862, 866 (8th Cir. 2007) (the "use" element is "fully satisfied for the purposes of the child pornography statute if a child is photographed in order to create pornography"); *United States v. Wright*, 774 F.3d 1085, 1090-91 (6th Cir. 2014) (same); *United States v. Engle*, 676 F.3d 405, 418 n.9 (4th Cir. 2012) ("[a] defendant 'uses' a minor for purposes of § 2251(a) if he photographs the minor engaging in sexually explicit conduct to create a visual depiction of such conduct"); *Ortiz-Graulau*, 756 F.3d at 18-19 ("the statutory definition of 'use' is met when a defendant makes a minor the subject of a visual depiction by intentionally photographing the minor engaging in sexually explicit conduct"); *United States v. Laursen*, 847 F.3d 1026, 1032–33 (9th Cir. 2017) (defining "employ" or "use" in § 2251(a) to mean "engaging in active conduct that resulted in the production of child pornography").

At least two circuits have determined that the "use" element of § 2251(a) is also satisfied if a minor is photographed or videotaped passively engaging in sexually explicit conduct. *See United States v. Finley*, 726 F.3d 483, 495 (3rd Cir. 2013) (explaining that "a perpetrator can 'use' a minor to engage in sexually explicit conduct without the minor's conscious or active participation," even if the child is asleep); *United States v. Lohse*, 797 F.3d 515, 521-22 (8th Cir. 2015) (affirming conviction of producing child pornography when defendant created photographs of his penis on or near a sleeping child's face).

Most recently, in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), the Seventh Circuit determined that the "use" element of § 2251(a) requires the sexually explicit conduct to be that of the minor. *Howard* held that while the defendant himself had engaged in sexually explicit conduct by masturbating in the presence of a fully clothed and sleeping child, the child had not, and thus the defendant had not "used" a minor to produce a depiction of a child engaging in sexually explicit conduct within the meaning of the statute. *Howard*, 968 F.3d at 721-23. The *Howard* Court specifically rejected the government's argument that it does not matter whether the minor victim engaged in any sexually explicit conduct as long as the defendant somehow "uses" a child as an object of sexual interest. *Id*. at 722.[6]

### B. Ritchie's conduct arguably falls outside the scope of § 2251(a).

The record is clear that the three videos comprising the offense conduct in this case do not depict MV1 either actively or passively engaging in sexually explicit conduct. The factual basis supporting Ritchie's plea states specifically that the videos depict Ritchie and her husband engaging in sexual activity while MV1 (who was fully clothed in a t-shirt and diaper and unaware of the sexual activity) was

---

[6] The Eleventh Circuit is currently considering the applicability of *Howard* to *United States v. Poulo*, 491 F.Supp.3d 1244, 1248-53 (M.D. Fla. 2020) (upholding convictions for "using" a minor "to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct" by creating images where he masturbated or displayed his erect penis in front of a five-year-old girl), in Appeal No. 21-11425.

breastfeeding. [CR Doc. 37 at 25-26]. It is the sexual conduct of Ritchie – not MV1 – that is the subject of the video.

A visual depiction of a child breastfeeding does not violate § 2251(a). "Breastfeeding" is not included in the statutory definition of "sexually explicit conduct" under 18 U.S.C. § 2256(2)(A); accordingly, under the canon of *expressio unius est exclusio alterius*, it is impliedly assumed not to be conduct covered by the statute. *See United States v. Kinard*, 472 F.3d 1294, 1298 (11th Cir. 2006). Moreover, under the equivalent Florida child pornography law, breastfeeding is explicitly excluded from the definition of "sexual conduct." Fla. Stat. § 827.071(1)(h) ("A mother's breastfeeding of her baby does not under any circumstances constitute 'sexual conduct'").[7]

At most, the sexual activity depicted in the videos occurred merely "in the presence of a minor," which arguably falls outside the scope of conduct proscribed by 18 U.S.C. § 2251(a). *See generally, United States v. Daranda*, No. 09-30054 (5th Cir. 2009) (unpublished) (state law which includes "in the presence of any child" in

---

[7] *See also* Fla. Stat. § 800.04(8) (*Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age*: "A mother's breastfeeding of her baby does not under any circumstances constitute a violation of this section"); Fla. Stat. §§ 847.01(6), (9), (10), and (16) (*Obscenity, definitions*: "A mother's breastfeeding of her baby is not under any circumstance 'harmful to minors'"; "A mother's breastfeeding of her baby does not under any circumstance constitute 'nudity'"; "A mother's breastfeeding of her baby is not under any circumstance 'obscene'"; "A mother's breastfeeding of her baby does not under any circumstance constitute 'sexual conduct'").

its statutory definition criminalizes a broader range of conduct than enumerated federal sex offenses, including 18 U.S.C. § 2251).

Ritchie's case presents a unique set of facts for this Court to consider; however, a similar video in the related case of *United States v. Audra Mabel*, No. 19-15060 (11th Cir. March 21, 2022), also demonstrates that Ritchie's conduct arguably falls outside the scope of § 2251(a). Mabel was the mistress of Ritchie's husband, Justin Ritchie, and was convicted of sexually exploiting her two-year-old son pursuant to § 2251(a) for producing eight videos featuring her child's penis to send to Justin. *Id.* at 3-4. In addition, Mabel made at least seven sexually explicit videos featuring herself, which were not violations of the statute, including a video that "consists of Mabel masturbating with a phallic device. Approximately one minute into the video Mabel is seen breast feeding [her son]. Mabel continues to masturbate while the child [is] lying on top of her breast." *Id.* at 4-5.

There was no question by the government, the probation office, the district court, or even this Court that the video of Mabel masturbating while breastfeeding her child fell outside the scope of § 2251(a). Yet, Ritchie's conviction rests solely upon almost identical conduct. As described by the PSR:

> The first video shows S. Ritchie masturbating while breastfeeding [MV1]. The second video . . . shows S. Ritchie masturbating with [MV1] lying across her chest apparently breastfeeding. J. Ritchie is then shown performing oral sex on S. Ritchie. . . . [The third] video shows S. Ritchie breastfeeding [MV1] while holding a phallic device

> on her vagina as J. Ritchie performs oral sex on her.  S. Ritchie is
> breastfeeding [MV1] throughout the video.

[CR Doc. 53 at ¶ 40].  The same prosecutor as in *Mabel* inconsistently – and wrongly – applied the statute to Ritchie in a flagrant abuse of prosecutorial discretion.  There were no videos of Ritchie sexually exploiting her child the way Mabel did, as § 2251(a) requires, and as soon as Ritchie discovered that her husband was sexually abusing their children she went to the police, initiating the case against Justin Ritchie, Mabel, and herself. *Mabel* at 6.

In sum, because the videos in this case do not depict MV1 either actively or passively engaged in sexually explicit conduct, the facts are arguably insufficient to prove that Ritchie "used" MV1 in violation of § 2251(a).

### C. Then-existing law clearly established that § 2251(a) prohibits the production of "child pornography" and sufficiently foreshadowed the holding in Howard.

The Seventh Circuit's holding in *Howard* is directly applicable to Ritchie's case because it answers the precedential question of whether she "used" a minor to engage in sexually explicit conduct as prohibited by § 2251(a) when the images at issue depict herself but not MV1 engaged in sexual activity.  However, *Howard* was decided after Ritchie entered her plea and, therefore, was not available to counsel when he was advising Ritchie that she was guilty and needed to enter a plea.  Nevertheless, then-existing caselaw sufficiently foreshadowed *Howard* and strongly suggested that Ritchie had a viable defense of innocence to the § 2251(a) charge.

In order to avoid the distorting effects of hindsight, claims under *Strickland*'s performance prong are "evaluated in light of the available authority at the time of counsel's allegedly deficient performance." *United States v. Carthorne*, 878 F.3d 458, 466 (4th Cir. 2017). A lawyer does not perform deficiently by failing to raise novel arguments that are unsupported by then-existing precedent. *See United States v. Mason*, 774 F.3d 824, 830 (4th Cir. 2014) ("We have consistently made clear that we do not penalize attorneys for failing to bring novel or long-shot contentions."). Nor does counsel fall below *Strickland*'s standard of reasonableness by failing to anticipate changes in the law, or to argue for an extension of precedent. *See, e.g., United States v. Dyess*, 730 F.3d 354, 363 (4th Cir. 2013).

This does not mean, however, that an attorney cannot be ineffective because he or she did not present an argument "even in the absence of decisive precedent." *Carthorne*, 878 F.3d at 465–66 (distinguishing *Strickland* standard from "plain error" standard). "Even where the law is unsettled, . . . counsel must raise a material objection or argument if 'there is relevant authority strongly suggesting' that it is warranted." *Morris*, 917 F.3d at 824 (quoting *Carthorne*, 878 F.3d at 466). While defense attorneys need not predict every new development in the law, "they are obliged to make [ ] argument[s] that [are] sufficiently foreshadowed in existing case law." *Shaw v. Wilson*, 721 F.3d 908, 916–17 (7th Cir. 2013); *see also Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) ("We have repeatedly held that counsel is

not ineffective for failing to predict developments in the law, unless they were clearly foreshadowed by existing decisions").

Eleventh Circuit precedent that pre-dates the entrance of Ritchie's guilty plea in 2019 clearly establishes that § 2251(a) prohibits the production of "child pornography." *See., e.g., Ruggiero*, 791 F.3d at 1284 ("Section § 2251(a) is the 'production' section of a broad regulatory scheme that prohibits the production, receipt, distribution, and possession of child pornography."); *United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010) ("Section 2251(a) and (e) . . . prohibits attempting to 'employ or use' a minor for the purpose of producing child pornography"). As defined by the statute, "'[c]hild pornography' means any visual depiction . . . of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A).

Moreover, there is caselaw that pre-dates Ritchie's guilty plea from sister circuits which would have informed counsel upon adequate investigation that the facts Ritchie was pleading to arguably did not amount to a violation of § 2251(a). For example, in *United States v. Carroll*, 227 F.3d 486 (5th Cir. 2000) (en banc) (per curiam), the Court vacated a § 2251(a) conviction in light of the government's concession of error, in which it stated in relevant part:

> After a thorough and searching review of the plain wording of 18 U.S.C. § 2251(a) and the legislative history addressing it at the time it was enacted, and other pertinent legislative history, the government concedes, that a violation of Section 2251(a) requires that the defendant

22

> employ, use, persuade, induce, entice or coerce the minor himself to
> engage in the actual or simulated sexually explicit conduct for the
> purpose of producing a visual depiction of the minor's sexually explicit
> conduct.

*Id.* at 488 n.2. And in *United States v. Steen*, 634 F.3d 822, 826-28 (5th Cir. 2011),

the Fifth Circuit announced a two-part test to determine whether there is proof of

active or coercive conduct by a defendant upon a minor for purposes of § 2251(a):

> In assessing conduct under §2251(a), it is appropriate to ask two
> questions: [1] did the production involve the use of a minor engaging
> in sexually explicit conduct, and [2] was the visual depiction a depiction
> of such conduct?

*Id.* at 826 (internal quotation and citation omitted). The *Steen* Court observed,

> a child could be used in the production of a photograph, but the image
> in the ultimate photograph could be one that did not capture the child
> engaging in sexually explicit conduct. If this were so, a defendant might
> be charged under a different statute – perhaps child molestation – but
> not child pornography.

*Id.* (quoting *United States v. Grimes*, 244 F.3d 375, 380 n.11 (5th Cir. 2001)).

Had counsel researched then-existing Eleventh Circuit law, including the

plain language of § 2251(a) and its statutory definitions, as well as caselaw from

other jurisdictions interpreting § 2251(a), he could have easily discovered that the

intent of the statute is to prohibit the production of child pornography and requires

the government to prove that the images at issue depict the minor him- or herself

engaged in sexually explicit conduct. The existing law sufficiently foreshadowed

the analogous holding from *Howard* and strongly suggested that it was arguable

whether Ritchie's conduct fell outside the scope of § 2251(a) because the videos depicted herself, but not MV1, engaged in sexually explicit conduct.

### D. Counsel's performance was constitutionally deficient.

When a defendant has pled guilty, she can show deficient performance by demonstrating that her counsel did not provide her "with an understanding of the law in relation to the facts, so that [she] may make an informed and conscious choice" between pleading guilty and going to trial. *See Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir. 1991) (quotation omitted).

In this case, counsel was constitutionally deficient by failing to advise Ritchie that the facts were arguably insufficient to support a conviction under § 2251(a) under then-existing relevant law; failing to advise her that she had a viable defense of innocence to the § 2251(a) charge; and, failing to inform her that § 2251(a) is colloquially known as prohibiting the production of child pornography. Counsel was also deficient by failing to advise Ritchie that she had a variety of legal options other than pleading guilty to the § 2251(a) violation, including: confronting the government with the weakness of the § 2251(a) charge and conditioning her continued cooperation against Justin Ritchie on the removal of that charge; moving to dismiss the § 2251(a) charge; and proceeding to trial, where she would have had a strong case (and a strong motion for judgment of acquittal) against the § 2251(a) charge.

24

The record shows that counsel was aware that Ritchie's case involved a potential issue regarding whether the facts met the statutory elements. Counsel told Ritchie that he didn't understand the charge because the videos depicted MV1 fully clothed in a t-shirt and diaper, and counsel argued at sentencing that "this case [is] significantly different than those typically charged for this violation" because "it is uncontroverted that [Ritchie's] criminal conduct, that sex act which we described earlier, there's no sexual act physically performed on the child" . . . "[t]he child was being breast-fed and for all intents and purposes had no knowledge of any type of deviant behavior that may or may not have been transpiring at the time." [Sent. Tr. at 50-51].

These "red flags" triggered a duty for counsel to investigate and research the issue further, but the record reflects that counsel failed to argue any legal authority on the issue, instead accepting the government's explanation as to why the videos violated the law without question, rendering his performance ineffective under *Strickland*. *See Cunningham v. Zant*, 928 F.2d 1006, 1018 (11th Cir.1991) (counsel was ineffective when he ignored "red flags" that any reasonable attorney would have perceived to demand further investigation); *see also Hinton v. Alabama*, 571 U.S. 263, 274 (2014) ("an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*").

### E. Ritchie was prejudiced by counsel's deficient performance.

By pleading guilty to the § 2251(a) violation, Ritchie subjected herself to a 15-year statutory mandatory minimum for an offense of which she is arguably innocent. Because counsel advised her to enter a guilty plea to Count Two based on an incomplete and wrong analysis of the law, Ritchie did not enter her plea with the benefit of effective assistance from counsel. Had counsel informed Ritchie of the relevant law, alerted her to the argument that the § 2251(a) charge was legally unsupportable, and properly reviewed the available options with her, she would not have pleaded guilty to the § 2251(a) violation and would have, instead, insisted on going to trial. [CV Doc. 2 at 42, ¶¶ 19, 20].

Moreover, counsel's deficient performance resulted in the entrance of an involuntary guilty plea. "[B]ecause a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy v. United States*, 394 U.S. 466 (1969). A guilty plea may be involuntary in a constitutional sense if, *inter alia*, "a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *United States v. Brown*, 117 F.3d 471, 476 (11th Cir. 1997); *Franklin v. Hightower*, 215 F.3d 1196, 1200 (11th Cir. 2000) ("A guilty plea is not voluntary 'in a constitutional sense' unless 'the defendant received real notice of the true nature of the charge against

him, the first and most universally recognized requirement of due process.'") (quoting *Henderson v. Morgan*, 426 U.S. 637, 645 (1976)).

For a guilty plea to "represent an informed choice" so that it is constitutionally "knowing and voluntary," "[c]ounsel must be familiar with the facts and the law in order to advise the defendant of the options available." *Scott v. Wainwright*, 698 F.2d 427, 429 (11th Cir.1983). "'[W]here it is impossible to find guilt from the facts stated as the factual basis for the plea' the court is apt to find the plea involuntary." *Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir. 1993) (quoting *United States v. Johnson*, 612 F.2d 305, 309 (1980)).

Counsel's ineffective assistance in this case casts significant doubt on whether Ritchie's decision to plead guilty to the § 2251(a) charge was an informed legal choice. She did not enter her plea with a complete understanding of the nature of the charge because of counsel's failures and the plea does not represent an informed choice. She didn't even realize that she was being charged with the production of child pornography. But for counsel's unprofessional errors, the result of the proceeding would have been different. Counsel's deficient performance caused prejudicial constitutional error and the resulting conviction is a miscarriage of justice. Ritchie's conviction should be vacated.

## II. The District Court Abused its Discretion in Denying Ritchie's Request for an Evidentiary Hearing on her Ineffective Assistance of Counsel Claim.

A district court's denial of an evidentiary hearing on a §2255 motion is reviewed for abuse of discretion. *Aron v. United States*, 291 F.3d 708, 714 n.5 (11th Cir. 2002). A district court abuses its discretion if it applies an incorrect legal standard, unreasonably or incorrectly applies the law, follows improper procedures in making its determination, or makes clearly erroneous factual findings. *Winthrop-Redin*, 767 F.3d at 1215.

An evidentiary hearing is favored by statute and *must* be held on § 2255 motions "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). This district court "must accept all of the petitioner's alleged facts as true and determine whether the petitioner has set forth a valid claim." *Agan v. Dugger*, 835 F.2d 1337, 1338 (11th Cir. 1987). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Aron*, 291 F.3d at 714-15 (internal quotation marks omitted). "[A] district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Winthrop-Redin*, 767 F.3d at 1216.

Taking the allegations in Ritchie's § 2255 pleadings to be true, she sufficiently pled that trial counsel was ineffective by failing to inform her that her conduct arguably fell outside the scope of the statute of conviction and that the result of the proceeding would have been different but for counsel's errors. Further, Ritchie demonstrated that counsel's deficient performance casts significant doubt on whether her guilty plea was constitutional.

The factual allegations made in Ritchie's § 2255 motion are reasonably specific and non-conclusive, and are not based upon unsupported generalizations. Ritchie's allegations are all either supported by direct citation to the record or by statements in her sworn affidavit that was attached to her filed § 2255 motion. The district court's Order denying relief did not point to specific evidence in the record that contradicted Ritchie's claim of ineffective assistance of counsel.

An evidentiary hearing is necessary in this case because the issues of ineffective assistance of counsel relate primarily to alleged occurrences outside the courtroom and upon which the record could, therefore, cast no real light. *See Machibroda v. United States*, 368 U.S. 487, 494-95 (1962); *see also Massaro v. United States*, 538 U.S. 500, 504-05 (2003) (trial records are "often incomplete or inadequate" for the purposes of an ineffective assistance claim).

Under applicable law, Ritchie is entitled to an evidentiary hearing on her ineffective assistance of counsel claim so that the district court can determine from

the evidence the nature and extent of counsel's understanding of the § 2251(a) charge and his investigation into Ritchie's defense of innocence. It was erroneous and an abuse of discretion for the court to refuse to hold a hearing. The district court's refusal to hold a hearing in this case is even more remarkable in light of the fact that the Magistrate did not make findings or issue a R&R, denying an opportunity for counsel to submit appropriate objections or additional evidence.

## CONCLUSION

For the reasons discussed herein, it is respectfully requested that this Court vacate the district court's denial of Ritchie's § 2255 motion on the issue of whether her trial counsel was ineffective for failing to inform her that her conduct arguably fell outside the scope of 18 U.S.C. § 2251(a) before she entered her guilty plea and vacate her conviction, or remand the case to the district court for an evidentiary hearing or for other further proceedings as this Court finds appropriate.

Respectfully submitted,

Ann Marie Fitz
Attorney for Appellant
FL Bar No. 1007949
GA Bar No. 066516

## <u>CERTIFICATE OF COMPLIANCE</u>

**1. Type-Volume**

This document complies with the word limit of F.R.A.P. 32(a)(7)(B)(i) and 11th Cir. R. 22-2 because, excluding the parts of the document exempted by F.R.A.P. 32(f), this document contains 7,950 words.

**2. Typeface and Type-Style**

This document complies with the typeface requirements of F.R.A.P. 32(a)(5) and the type-style requirements of F.R.A.P. 32(a)(6).

/s/ ANN MARIE FITZ
Attorney for Appellant
FL Bar No. 1007949
GA Bar No. 066516

**<u>Law Office of Ann Fitz</u>**
500 S. Australian Ave., Suite 542
West Palm Beach, FL 33401
(561) 932-1690
ann@fedlawgroup.com

## <u>CERTIFICATE OF SERVICE</u>

I have this day served a true and correct copy of the foregoing **Brief of Appellant** upon the following:

**U.S. Attorney Service - Middle District of Florida, U.S. Attorney**

by uploading same to the Court's website using the CM/ECF system, which automatically sends notification to the parties and counsel of record.

Dated this 16th day of February, 2023.


/s/ ANN MARIE FITZ
Attorney for Appellant
FL Bar No. 1007949
GA Bar No. 066516

**<u>Law Office of Ann Fitz</u>**
500 S. Australian Ave., Suite 542
West Palm Beach, FL 33401
(561) 932-1690
ann@fedlawgroup.com